UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
GEORGE A. STROLL,                :
          Petitioner             :
                                 :
     v.                          :   CIVIL NO. 3:CV-04-1028
                                 :
                                 :   (Judge Conaboy)
PHILLIP L. JOHNSON, ET AL.,      :
          Respondents            :
```
_____

## **MEMORANDUM AND ORDER**
### **Background**

George A. Stroll, an inmate presently confined at the Rockview State Correctional Institution Bellefonte, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The only Respondent actually named is Warden Phillip Johnson of the State Correctional Institution, Pittsburgh, Pennsylvania (Petitioner's prior place of confinement). Service of the petition was previously ordered.

Stroll states that he was convicted of first degree murder and criminal conspiracy following a jury trial in the Dauphin County Court of Common Pleas. He was sentenced to a term of life imprisonment. By way of background, Petitioner and his brother, Gregory Stroll, were convicted of beating their landlord to death with a baseball bat in a dispute about rent.

Following his conviction, Stroll filed a direct appeal with the Pennsylvania Superior Court. His appeal asserted the following

1

claims: (1) the trial court erred by permitting the Defendants' statements to be read into evidence; (2) the evidence was insufficient to sustain a conviction for first degree murder; (3) the Commonwealth's medical expert should not have been allowed to draw and display in red ink the location of multiple blows to a sketch of the victim's head; (4) a photograph of bloodstained clothing and shoes worn by the Petitioner on the night of the killing was impermissibly allowed into evidence; and (5) the trial court erred by refusing to give the jury an involuntary manslaughter instruction.  See Commonwealth v. Stroll, 671 A.2d 773 (Pa. Super 1995)(Table).  A petition for allowance of appeal to the Pennsylvania Supreme Court was denied.  See Commonwealth v. Stroll, 682 A.2d 309 (Pa. 1996)(Table).

     Stroll then sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).  His PCRA petition presented two issues of ineffective assistance of counsel: (1) failure to object to the trial court's determination that co-defendant Gregory Stroll's guilty plea to first degree murder was involuntarily made, a determination which deprived Petitioner of entering a guilty plea to third degree murder; and (2) neglecting to object to the terms of the joint plea bargain agreement which coupled guilty pleas of the defendants.  The Superior Court affirmed the denial of the PCRA petition.  See Commonwealth v. Stroll, 742 A.2d 212 (Pa. Super. 1999)(Table).  The Pennsylvania Supreme Court denied the

Petitioner's petition for allowance of appeal.  See Commonwealth v. Stroll, 747 A.2d 368 (Pa. 1999)(Table).

Stroll's present habeas corpus petition sets forth the following three claims: (1) the trial court violated the Confrontation Clause by overruling an objection to the admittance of "two mutually accusatory extrajudicial hearsay statements read to the jury";[1] (2) the evidence was insufficient to support the jury's finding of guilt; and (3) the trial court erred by refusing to grant Petitioner's request for an involuntary manslaughter jury instruction.

## Discussion

### Standard of Review

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[2]  See generally,

---

[1] Doc. 1, ¶ 3.

[2] Specifically, 28 U.S.C. § 2254(d)(1) provides:
(continued...)

Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explicated in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the

---

[2](...continued)

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

4

state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case.  State court factual findings may be set aside only if rebutted by clear and convincing evidence.

**Confrontation Clause**

Petitioner initially alleges that the Confrontation Clause was violated when the trial court allowed his incriminating statement and one by his brother/co-Defendant to be admitted at trial.  This claim is two fold.  First, Stroll contends that even though a cautionary instruction was given and his name was redacted when his codefendant's confession was introduced, the admission of that statement violated the standards announced in Bruton v. United States, 391 U.S. 123 (1968).  See Doc. 1, p. 4.  He adds that the state courts' determination regarding this issue was an unreasonable application of federal law.  Second, because the statements of he and his codefendant were not accurate renditions, their admission should have been precluded.  Petitioner asserts that the rendition of the statements read at trial added and then emphasized that he had a specific intent to kill.

The Respondents argue that a violation of Bruton did not occur because both brothers testified at trial.  Furthermore, habeas corpus relief is not warranted because the Pennsylvania

Superior Court made a proper determination that the statements were accurate and that any issue regarding their credibility was to be resolved by the trier of fact.

The Confrontation Clause of the Sixth Amendment provides that: "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against them." Monachelli v. Warden, SCI-Graterford, 884 F.2d 749, 751 (3d Cir. 1989)(citing Pointer v. Texas, 380 U.S. 400, 404 (1965)).  However, it does not guarantee criminal defendants 'the *absolute* right to a face-to-face meeting with witnesses against them at trial." Maryland v. Craig, 497 U.S. 836, 844 (1990).  The protections of the Confrontation Clause are applicable to persons facing state prosecutions under the Fourteenth Amendment.

In Bruton, the United States Supreme Court recognized that a criminal defendant's rights under the Confrontation Clause may be violated if a codefendant's confession is placed before the jury at their joint trial.  The Bruton codefendant made an out of court confession implicating the defendant.  During trial the codefendant refused to take the witness stand, consequently, the Supreme Court concluded that the defendant was denied his constitutional right of confrontation because the out of court confession by the codefendant was presented to the jury in a form not subject to cross-examination.

In California v. Green, 399 U.S. 149 (1970), the Supreme Court clarified that a Confrontation Clause violation did not occur

when a declarant's out of court statement was admitted as long as the declarant was testifying as a witness and subject to full and effective cross-examination. A subsequent Supreme Court ruling, Nelson v. O'Neil, 402 U.S. 622, 629 (1971), similarly held that there was no Bruton violation "where a codefendant takes the stand in his own defense, denies making an alleged out of court statement implicating the defendant and proceeds to testify favorably to the defendant concerning the underlying facts."

The present case does involve the admission of an out of court statement by a non-testifying codefendant. On the contrary, it is undisputed that both the Petitioner and his codefendant brother gave testimony at trial. Furthermore, Petitioner was represented by counsel and had full opportunity to cross-examine his codefendant. Stroll's present petition also indicates that a cautionary instruction was given and his name was redacted from his codefendant's statement. Based on this Court's review of the record there was no resulting prejudice to the Petitioner and the introduction of his codefendant's out of court statement did not violate Bruton.

With respect to Stroll's claim that inaccurate renditions of the confessions were provided to the jury, the Pennsylvania Superior Court's resolution of this factual issue is deemed correct unless contradicted by clear and convincing evidence. A review of the record establishes that Stroll has not presented any supporting facts which would satisfy his burden of presenting clear and

7

convincing evidence that the challenged of court statements which were introduced at trial were inaccurate.  This claim will be denied.

**Insufficient Evidence**

Stroll next maintains that there was insufficient evidence to support the jury's finding that he committed first degree murder.  He indicates that the origin of blood stain evidence was not authenticated by the Commonwealth and that a proper foundation was not laid for the introduction the blood stain evidence.  He adds that it was never established that the blood was that of the victim.  Respondents contend that the evidence presented at trial clearly established that Petitioner and his brother planned to kill the victim and thereafter carried out the murder.

The standard of review used by a federal court when addressing the issue of sufficiency of the evidence is  "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319, reh'g denied, 444 U.S. 390 (1979).

The recitation of the evidence by the Superior Court is corroborated by this Court's independent review of the record. Based on an application of the standards announced in Jackson, there was clearly sufficient evidence that supported the first degree murder conviction reached by the jury.  It is noted that the

victim was found lying in a pool of blood after having been beaten to death. Both the Petitioner and his codefendant confessed to the murder and there was additional testimony and evidence connecting Petitioner to the crime. Stroll's claim will be denied.

**Jury Instructions**

Petitioner's final argument is that the trial court erred by refusing his request to provide the jury with an involuntary manslaughter instruction. Stroll notes that involuntary manslaughter is a lesser included offense, thus, the jury should have been provided with that option. Respondent states that an involuntary manslaughter instruction was not warranted because there no evidence which would support such a verdict.

Federal habeas corpus relief may issue only if the court finds that an error in the jury charge "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). Propriety of jury instructions is to be determined by assessing the entire set of instructions. Victor v. Nebraska, 511 U.S. 1, 5 (1994), United States v. Issacs, 134 F.3d 199, 203 (3d Cir. 1998). The primary point of inquiry is "whether viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury, and [we] reverse only if the instruction was capable of confusing and thereby misleading the jury." Bennis v. Gable, 823 F.2d 723, 727 (3d Cir. 1987) (internal quotations

omitted); United States v. Zehrbach, 47 F.3d 1252, 1264, (3d Cir.), cert. denied, 514 U.S. 1067 (1995).

In Keeble v. United States, 412 U.S. 205 (1973), the United States Supreme Court stated that a criminal defendant is entitled to a lesser included offense jury instruction if the evidence would permit the jury to find him guilty of the lesser offense and acquit him of the greater. The Court of Appeals for the Third Circuit, quoting Keebler, has similarly held that a jury verdict convicting a defendant of a lesser offense will be upheld if a jury could rationally find him not guilty of the greater offense. United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992). The Third Circuit added that a jury instruction on a lesser included offense is allowable "as long as there is some evidence to support the conviction." Id.

Under Pennsylvania law, "[a] person is guilty of involuntary manslaughter when as a result of the doing of an unlawful act in a recklessly or grossly negligent manner, or the doing of a lawful act in a recklessly or grossly negligent manner, he causes the death of another person." 18 P.C.S.A. § 2504(a); See also Commonwealth v. Perez, 2003 WL 22497139 *2 (Pa. Com Pl. 2003). In Perez, the court noted that where there was only evidence that a defendant's actions were knowing or intentional, the evidence would not support an involuntary manslaughter verdict.

The evidence presented at Stroll's trial established that the victim was struck over the head numerous times with a baseball

10

bat, had his throat stomped upon, and that there was an attempt to break his neck.  Evidence also supported a finding that Stroll and his brother had planned the killing.  Based on the above, it is the conclusion of this Court that the failure to provide a lesser included offense instruction was proper since the evidence would not support an involuntary manslaughter conviction under Pennsylvania state law.  See Commonwealth v. Rogers, 615 A.2d 55 (1992); Commonwealth v. Reed, 583 A.2d 459 (1990); Commonwealth v. Long, 579 A.2d 970 (1990).

This is also not a case where the trial court's failure to provide an involuntary manslaughter instruction opened the door for an interpretation by the jury that a finding of guilt could be based by a standard less than beyond a reasonable doubt.[3]  This claim likewise fails to set forth a basis for an award of federal habeas corpus relief.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 7th DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED THAT:

    1.    The petition for writ of habeas corpus is denied.

---

[3] There is a "constitutional imperative that the state prove beyond a reasonable doubt all the elements of the crime charged."  Rock v. Zimmerman, 959 F.2d 1237, 1245-46 (3d Cir. 1991)(citing In Re Winship, 397 U.S. 358 (1970)).  A jury instruction that relieves the state of its obligation of proving facts constituting every element of the offense beyond a reasonable doubt violates a defendant's federal due process rights.  Carella v. California, 491 U.S. 263, 265 (1989)(per curiam), Smith v. Horn, 120 F.3d 400, 415 (3d Cir. 1997).

>   2.  The Clerk of Court is directed to close the case.
>
>   3.  Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.


  <u>S/Richard P. Conaboy</u>
  RICHARD P. CONABOY
  United States District Judge